UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                          Chapter 13

Michael Frank Schaller,                                         Case No. 17-54117

    Debtor.                                             Hon. Phillip J. Shefferly
_____/

## **OPINION DENYING ATTORNEY FEES**

### Introduction

This opinion addresses an application for attorney fees made by the debtor's current attorney in this Chapter 13 case. The fees at issue were incurred by that attorney in defending a motion brought by the debtor's prior attorneys to impose sanctions on him. The Court denied the sanctions motion and now the debtor's current attorney wants an administrative expense claim for the fees that he incurred in defending the sanctions motion. For the reasons explained in this opinion, the Court denies that request.

### Jurisdiction

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B), over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a).

## Facts

The following facts are taken from the Court file and are not in dispute.

On October 9, 2017, Michael Frank Schaller ("Debtor"), filed this Chapter 13 case. The attorney who signed the petition for the Debtor was Nicholas Reyna ("Reyna"). On November 11, 2017, another attorney, Kenneth W. Demers ("Demers"), filed a notice of special appearance to represent the Debtor at the § 341 meeting, only. For awhile, Reyna continued as the Debtor's attorney of record — except for Demers' handling of the § 341 meeting. However, on January 6, 2018, Reyna and Demers filed a notice of substitution terminating Reyna as the Debtor's attorney and adding Demers as the Debtor's attorney.

After taking over as the Debtor's attorney, Demers represented the Debtor in all facets of his Chapter 13 case. It was an active case. The Chapter 13 Trustee ("Trustee"), the Debtor's mortgage holder, and an unsecured creditor all objected to the Debtor's plan. In addition, a dispute arose between the Debtor and the Trustee regarding a claim that the Debtor asserted against a law firm that had previously represented the mortgage holder on the Debtor's home. All of these issues led to a number of hearings, far more than in a routine Chapter 13 case. Eventually, the Debtor successfully navigated through these issues and obtained confirmation of his

plan. All that was left to do after that was for the Court to consider and rule on any fee applications.

Reyna filed an application for the time that he represented the Debtor. Demers filed a much larger application for the time that he represented the Debtor. The Trustee objected to Demers' application. Even though there were no objections filed to Reyna's application, because of the high amount of the total fees in this case, and because of the Court's familiarity with the issues from the many hearings, the Court decided to schedule a hearing on June 19, 2018 on both Reyna's and Demers' applications.

Reyna and Demers each attended the hearing and argued in support of their respective applications. The Trustee attended the hearing and continued his objection to Demers' application. The Debtor also attended the hearing, accompanied by a new attorney, Nicholas Chambers ("Chambers"), from the law office of Charles J. Schneider, P.C.[1] At the hearing, the Debtor, through his new attorney, Chambers, objected to Demers' application, even though the Debtor had not previously filed a written objection. Chambers requested that the Debtor be given additional time in

---

[1] Just before the hearing, Chambers filed a notice of substitution, also signed by Demers, substituting Chambers for Demers as the attorney for the Debtor.

which to file a written objection because the Debtor now believed that he had been misled, first by Reyna and then by Demers, regarding the way that his case was handled, and because the total fees requested by Reyna and Demers were far more than the Debtor had ever been told about.

After hearing arguments from Reyna, Demers, and Chambers, the Court decided to give Chambers a brief period of time to file a written objection to the applications. The Court set a deadline of one week for Chambers to file such objection, and permitted Demers a deadline of one week to respond. The Court adjourned the hearing on both applications to July 17, 2018. Chambers timely filed his objection, and Demers timely filed his response.

At the adjourned hearing, the Court granted both Reyna's application and Demers' application in part, but denied them in part. The Court explained on the record that some of the arguments made by the Debtor were meritorious and required some reduction of the fees of both Reyna and Demers, but that the Debtor's allegation that Reyna and Demers misled the Debtor was not meritorious. Following the hearing, the Court entered orders memorializing the awards that it made to both Reyna and Demers.

-4-

17-54117-pjs    Doc 241    Filed 02/04/19    Entered 02/04/19 13:17:50    Page 4 of 13

None of the parties appealed the Court's orders awarding fees to Reyna and Demers. However, this was not the end of the dispute. On August 1, 2018, Reyna and Demers filed a joint motion ("Joint Motion") for sanctions under Fed. R. Bankr. P. 9011 and 28 U.S.C. § 1927, against Chambers and the principal attorney at his law firm, Charles J. Schneider ("Schneider"). The Joint Motion did not request any relief against the Debtor. The Joint Motion alleged that in the objection that they filed to Reyna's and Demers' fee applications, Chambers and Schneider falsely alleged that: Demers wrongfully used Reyna's log-in and password with the Bankruptcy Court; Demers failed to have the Debtor execute a retainer agreement; and Reyna and Demers deceived the Debtor into believing that Reyna would handle his entire case when they planned all along to instead have Demers come in to represent the Debtor.

Chambers and Schneider filed a response to the Joint Motion, and the Court held a hearing on September 11, 2018. The Court denied the Joint Motion and explained its reasons on the record in detail. The Court found that Chambers and Schneider did not violate Fed. R. Bankr. P. 9011 or 28 U.S.C. § 1927.

On November 15, 2018, Chambers and Schneider filed their own application for fees for representing the Debtor. The Trustee objected on several grounds, one of

-5-

which pertained only to that portion of the requested fees that Chambers and Schneider incurred in defending the Joint Motion. The Trustee argued that those fees did not benefit the bankruptcy estate, the bankruptcy case or the Debtor because the Joint Motion only sought sanctions against Chambers and Schneider and not against the bankruptcy estate or the Debtor. Chambers and Schneider filed a brief in support of their application in which they conceded that the Joint Motion did not seek any relief against the bankruptcy estate or the Debtor. Nonetheless, they argued in their brief that this fact is not relevant because "there is no distinction between the Debtor and his [counsel]" and that "the defense of one is the defense of the other."

The Court heard the application on December 18, 2018. At the conclusion of the hearing, the Court overruled the Trustee's objection, and awarded all of the requested fees, with one exception: the Trustee's objection to that portion of the requested fees — consisting of $3,868.00 — incurred by Chambers and Schneider in defending the Joint Motion. The Court took that portion of the requested fees under advisement to consider the arguments made by the parties. The Court is now ready to rule on that remaining portion.

## Discussion

Section 330 of the Bankruptcy Code governs compensation of attorneys in bankruptcy cases. Section 330(a)(1) authorizes a bankruptcy court to award

reasonable compensation for actual, necessary services.  Section 330(a)(3) directs the bankruptcy court, in determining reasonable compensation, to take into account all relevant factors, and provides a non-exclusive list of such factors.  One of those factors, in § 330(a)(3)(C), is "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title."  While this factor focuses on the effect of the applicant's services on the bankruptcy estate and the bankruptcy case, § 330(a)(4)(B) states that in a Chapter 13 case a bankruptcy court may also allow reasonable compensation to an attorney for an individual debtor in such case "based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section."

Taken together, § 330(a)(3)(C) and § 330(a)(4)(B) direct the bankruptcy court, when considering an application for fees in a Chapter 13 case, to examine what benefit and any other effect the services rendered had upon the bankruptcy estate, the bankruptcy case, and the debtor.  See generally In re Williams, 378 B.R. 811, 823-24 (Bankr. E.D. Mich. 2007).

The Trustee's objection is straightforward.  Because the Joint Motion sought relief only against Chambers and Schneider and not against either the bankruptcy estate or the Debtor, it was irrelevant to the bankruptcy estate and the Debtor whether

the Joint Motion was granted or denied. Therefore, none of the fees incurred by Chambers and Schneider in defending the Joint Motion can be awarded under § 330(a)(1) because these fees were not necessary to the administration of this case, and they did not provide any benefit to the bankruptcy estate or to the Debtor. These fees were all incurred solely to benefit a third party — Chambers and Schneider.

In their brief, Chambers and Schneider counter with two arguments. First, as noted above, Chambers and Schneider argue that an individual debtor's attorneys are really one and the same as the debtor — "there's no distinction." According to this argument, the defense of Chambers and Schneider is the same as the defense of the Debtor. In support, Chambers and Schneider cite one case, In re Palumbo Family Partnership, L.P., 182 B.R. 447 (Bankr. E.D. Va. 1995). However, that case is factually inapposite in that it involved a request for sanctions by a party against that party's own former attorney. The case holds only that a party may not recover sanctions under Rule 9011 against that party's own attorney. Id. at 473 ("If the opposing litigant is a former client, [ ] the client [may not] recover Rule 9011 sanctions for documents filed on his or her behalf[.]"). It does not stand for the proposition that there is no distinction between an individual debtor and such debtor's attorney.

-8-

17-54117-pjs    Doc 241    Filed 02/04/19    Entered 02/04/19 13:17:50    Page 8 of 13

Both Rule 9011 and 28 U.S.C. § 1927 on their face recognize that there is a distinction between a client and the client's attorney. Rule 9011(c) expressly authorizes a bankruptcy court to impose sanctions "upon the attorneys, law firms, or parties that have violated" the rule. If Chambers and Schneider were correct, there would be no reason for the rule to separately identify attorneys, law firms, and parties as potential violators of the rule — liability of one would mean liability of all. To be sure, the rule does impose a form of joint liability in some limited circumstances. Rule 9011(c)(1)(A) provides authority to hold a law firm "jointly responsible for violations committed by its partners, associates and employees," but the rule says nothing about making a client liable for violations by the client's attorney, or making an attorney liable for violations by the attorney's client.

Chambers' and Schneider's argument is even weaker where 28 U.S.C. § 1927 is concerned. This statute permits a federal court to assess attorney fees and expenses for unreasonable and vexatious conduct that multiplies proceedings. In contrast to Rule 9011, the sanctionable parties are only "any attorney or other person admitted to conduct cases in any court of the United States." The statute does not authorize an award against a party. Congress would have no reason to limit application of 28 U.S.C. § 1927 if there is no distinction between an attorney and their client.

There is nothing in either Rule 9011 or 28 U.S.C. § 1927 that makes a party and the party's attorney jointly liable for each other's conduct or otherwise supports the notion that "there is no distinction between an individual debtor and the attorney for such individual." Nor have Chambers and Schneider cited any controlling or even relevant case law authority for this proposition.

Chambers and Schneider's second argument is a policy argument. "A favorable ruling on the Trustee's objection would have a chilling effect in bringing to the Court's attention the misdeeds of some counsel . . . . The message is that if new counsel takes on former counsel's claim to attorney fees they may feel the wrath of former counsel and have to defend a Rule 9011 motion without compensation if specifically directed at him and not the Debtor."

There are two problems with this policy argument. First, it ignores the fact that Chambers and Schneider have already been compensated in full — over the Trustee's objection — for all of the work that they did in "taking on" the Debtor's former attorneys. The Court was persuaded by some of the arguments that Chambers and Schneider made in opposing Reyna's and Demers' fee applications and reduced the amounts that it awarded on each of these applications based on those arguments. More importantly, the Court agreed with Chambers and Schneider at the December 18, 2018 hearing that they should be fully compensated for all of the fees

they requested for objecting to Reyna's and Demers' fee applications. The Court has no hesitation in encouraging and compensating attorneys who raise a proper objection to another attorney's fee application where the facts and the law support the objection. The fact that the Court awarded fees in full to Chambers and Schneider for their work in raising a meritorious objection should dispel any purported "chilling effect."

Second, this policy argument ignores the absence of any legal authority whatsoever that would even permit — let alone require — a bankruptcy court to take this alleged "chilling effect" upon attorneys into consideration in determining whether to grant a fee application and award an administrative expense under § 330(a)(1). The generalized "chilling effect" on attorneys that Chambers and Schneider describe is just not a relevant factor in deciding whether a specific bankruptcy estate must pay an administrative expense to an attorney who defends a sanctions motion that does not seek any relief against either that bankruptcy estate or the debtor in that bankruptcy case.

## Conclusion

The disposition of the Joint Motion mattered greatly, and understandably, to Chambers and Schneider. But it simply did not matter either to the bankruptcy estate or to the Debtor. As explained, the Joint Motion did not ask for any relief against the bankruptcy estate or the Debtor. If the Court had granted the Joint Motion it would

have been Chambers and Schneider who would have had to pay — not the bankruptcy estate or the Debtor.  And, as seen above, there is nothing in either Rule 9011 or 28 U.S.C. § 1927, that would have allowed Chambers and Schneider to transfer that liability to their client if they were the persons who were found to have violated either the rule or the statute.[2]

No attorney wants to have to defend a sanctions motion brought against them.  It takes time, costs money, and is not without risk.  The fees incurred in successfully defending such a motion can be substantial, but necessary and reasonable to defend the motion.  However, the issue in this case is not whether such fees are either necessary or reasonable.  The issue is whether fees that were incurred to defend a request for sanctions that was made solely against Chambers and Schneider, must be paid by the Debtor or his bankruptcy estate.  These fees were not necessary to administer this bankruptcy case, and they did not provide any benefit either to the bankruptcy estate or to the Debtor.  Therefore, they are not allowable under the text of § 330(a)(1).[3]

---

[2] Subject to applicable rules of professional responsibility, attorneys and clients sometimes do contract to have the client indemnify their attorney for certain types of liability.  However, there is nothing in the record before the Court to indicate that the Debtor contracted to indemnify Schneider for the fees incurred by Schneider in defending the Joint Motion.

[3] The Supreme Court recently dealt with a somewhat analogous issue regarding attorney fees in Baker Botts L.L.P. v. ASARCO LLC, __ U.S. __, 135 S. Ct. 2158, 2169 (2015).  The issue in that case was whether an attorney's fees incurred in defending objections to that

-12-

17-54117-pjs    Doc 241    Filed 02/04/19    Entered 02/04/19 13:17:50    Page 12 of 13

The Court will enter a separate order consistent with this opinion.

**Signed on February 04, 2019**



/s/ Phillip J. Shefferly

**Phillip J. Shefferly
United States Bankruptcy Judge**

---

attorney's fee application were allowable as administrative expenses under § 330(a)(1). Rejecting a number of policy arguments advanced in that case, the Supreme Court observed that "our job is to follow the text" and then held that "Section 330(a)(1) itself does not authorize the award of fees for defending a fee application, and that is the end of the matter."

-13-